Bernhard Fred MANKO, Petitioner–Appellant,

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 950, Docket 95–2555.

United States Court of Appeals, Second Circuit.

Argued Jan. 18, 1996.

Decided June 24, 1996.

**51**

Before: KEARSE, WALKER, and HEANEY[1], Circuit Judges.

WALKER, Circuit Judge:

Petitioner-appellant Bernhard Fred Manko appeals from an order entered on August 18, 1995 in the United States District Court for the Southern District of New York (Mary Johnson Lowe, *District Judge*), denying Manko's petition to vacate his tax fraud conviction under 28 U.S.C. § 2255. In the present appeal, Manko asserts that the trial court erroneously excluded evidence of Manko's earlier civil settlement with the Internal Revenue Service ("IRS") on similar claims. Because Rule 408 of the Federal Rules of Evidence does not require exclusion of evidence relating to a civil settlement in a criminal trial, we agree that the district court erred in holding the evidence inadmissible as a matter of law. Accordingly, we vacate and remand.

## BACKGROUND

On February 4, 1991, following a four-month jury trial, Manko and his co-defendant, Jon Edelman, were convicted of twenty-four counts of tax fraud related to interest expense deductions arising from sham transactions. Specifically, Manko was convicted of making and subscribing false tax returns in violation of 26 U.S.C. § 7206(1), aiding and abetting in the preparation of false returns in violation of 26 U.S.C. § 7206(2), and conspiring to violate the tax laws and to defraud the United States in violation of 18 U.S.C. § 371. On November 25, 1991, the district court sentenced Manko to a five-year term of imprisonment and imposed a $450,000 fine. We affirmed Manko's conviction and sentence on direct appeal. *United States v. Manko*, 979 F.2d 900 (2d Cir.1992), *cert. denied*, 509 U.S. 903, 113 S.Ct. 2993, 125 L.Ed.2d 687 (1993).

The evidence produced at trial is recited fully in our prior opinion, *see Manko*, 979 F.2d at 902–05, with which we assume familiarity. In returning a guilty verdict, the jury found that Manko and Edelman sought to defraud the United States by creating limited

Peter Fleming, Jr., Curtis, Mallet–Prevost, Colt & Mosle, New York City (T. Barry Kingham, Herbert Stoller, Sean T. Haran, of counsel), for Petitioner–Appellant.

Maria P. Horn, Assistant U.S. Attorney, New York City (Mary Jo White, United States Attorney for the Southern District of New York, Marian W. Payson, of counsel), for Respondent–Appellee.

[1]. Honorable Gerald W. Heaney, United States Circuit Judge for the Eighth Circuit, sitting by designation.

partnerships that entered into fraudulent Treasury Bill repurchase agreements that generated millions of dollars of deductible interest expenses.

The primary issue at trial was whether these transactions were fraudulent or genuine. To this end, Manko and Edelman sought to introduce evidence as part of their defense that the IRS had settled with them its civil tax claims that were based on the same facts and theory as the criminal charges. They claimed that evidence of the civil settlement, which effectively permitted deductions as to twenty percent of the transactions claimed to be false and fraudulent, was relevant "to show that the Government has allowed as a deduction substantial amounts which are claimed here to have been criminally deducted." According to Manko, the settlement constituted an admission by the IRS that Manko was at least partially justified in deducting the losses that were claimed to be fraudulent in Manko's later criminal trial. This is so, argues Manko, because it is the policy of the IRS that it will not compromise tax claims unless there is doubt as to their validity. *See* 26 C.F.R. § 601.203, Rev. Proc. 80–6, § 4.01. The government objected to the admission of evidence of the settlement on the grounds that 1) the IRS had not in fact settled its claims against Manko and Edelman and 2) even if the IRS had entered into the settlement, evidence of the settlement was inadmissible under Rule 408.

Following argument on the relevance and admissibility of evidence of the alleged settlement, the district court, relying on *Ecklund v. United States*, 159 F.2d 81 (6th Cir.1947), held that even if the evidence showed that the IRS had settled its civil claims with Manko, proof of the settlement was inadmissible under Rule 408. Nevertheless, apparently because the government continued to press its claim that Manko's civil tax case had never been settled, the district court also held an in limine hearing to determine whether the IRS had in fact entered into a settlement. At the hearing, witnesses for the government and for the defendants offered contradicting testimony concerning the existence of a settlement. The two attorneys who had acted as lead counsel in attempting to negotiate a civil settlement with the IRS on behalf of Manko and Edelman testified for the defendant. The attorneys testified that they had successfully negotiated with government attorney Theodore Kletnick to secure settlements for both Manko and Edelman. On behalf of the prosecution, Kletnick, who was responsible for all civil tax cases relating to the tax partnerships sold by Manko and Edelman, testified that the IRS's civil claims against Manko and Edelman were not among those claims that had been settled. At the conclusion of the hearing, the district court credited Kletnick's testimony and held that the IRS had not entered into a settlement agreement with either Manko or Edelman. As the district court later wrote, it "affirmed, this time on factual grounds, its earlier conclusion that any evidence of the purported civil settlements was inadmissible." *Manko v. United States*, 95 Civ. 1611, 1995 WL 495651, at *1 (S.D.N.Y. Aug. 18, 1995). The district court concluded orally on the record:

> Based upon the testimony in this case, this court finds, number one, there has been no settlement with the Internal Revenue Service for the years 1982–83 as far as Mr. Manko and Mr. Edelman are concerned, and any evidence of negotiations or any other proceeding had with the Internal Revenue Service concerning these partnerships are inadmissible in this trial.

In sum, the district court precluded Manko from presenting to the jury evidence that the IRS had agreed that Manko could deduct twenty percent of his partnership losses both as a matter of fact (the settlement did not exist) and as a matter of law (if it did, Rule 408 barred its admission).

In November 1993, more than two years after Manko's conviction, the IRS resumed its civil tax case against Manko. The Tax Court held a trial to determine whether the IRS had settled its civil claims with Manko. Kletnick again testified for the government that he did not believe that the IRS had settled with Manko. During his direct testimony, Kletnick was shown a letter he submitted to the Tax Court, dated January 21, 1988, which stated in part: "Enclosed herewith are copies of listings of cases forwarded

to this office reflecting acceptance of the Service's settlement offer." Manko's name and docket number appeared on the attached list, which included more than 400 names. Kletnick explained that the list was intended not to represent to the Tax Court cases that had actually settled, but only those that were expected to settle. In spite of this testimony, on January 11, 1995, the Tax Court held that the documentary evidence, including the January 21, 1988 letter, established that a binding agreement had been reached between the IRS and Manko: "[T]he parties reached a settlement agreement no later than January 21, 1988, the date of the letter from Kletnick to the Court. The letter is clear on its face, and confirms the settlement." *Manko v. Commissioner*, 69 T.C.M. (CCH) 1636 (1995).

Kletnick's January 21, 1988 letter was discovered at some point during the proceedings in the United States Tax Court. Thereafter, in March 1995, Manko filed a petition pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction on the ground that the district court erroneously had excluded evidence favorable to Manko at trial. Six months later, in a memorandum and order, the district court denied the petition without a hearing. *Manko*, 1995 WL 495651. This appeal followed.

### DISCUSSION

■ In the normal case, we must accept the trial court's findings on a petition under § 2255 unless they are clearly erroneous. *Zovluck v. United States*, 448 F.2d 339, 341 (2d Cir.1971), *cert. denied*, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972). In this particular instance, the district court affirmatively declined to make any factual findings because, in its view, no evidence concerning a settlement between Manko and the IRS would provide relief in light of the court's holding at trial that such evidence was inadmissible under Rule 408. Therefore, although Manko presented for the district

court's review newly discovered evidence of the alleged settlement, namely Kletnick's January 21, 1988 letter, the district court declined to reconsider its earlier factual finding that no settlement was reached with the IRS on Manko's behalf. The district court stated:

Both Kletnick's testimony [in the Tax Court] and the January 21, 1988 letter pertain to the issue of whether the IRS settled Petitioner's claims. This Court ruled during Manko's criminal trial that evidence of Manko's alleged civil settlement was inadmissible under *Ecklund* and Rule 408. The Court also made the separate, evidentiary finding that no such settlement occurred. Both of these rulings provided independent grounds for the Court's exclusion of the proffered settlement evidence. Thus, even if the Court had concluded that the IRS settled with Manko, it would have excluded the settlement evidence. Because the Court's legal ruling on the evidence's admissibility still stands, any evidence or testimony pertinent to the Court's evidentiary ruling is immaterial for purposes of § 2255 review.

*Manko*, 1995 WL 495651, at *3 (citations and emphasis omitted).

■ On this appeal, Manko argues that his conviction should be vacated and his case remanded for a new trial on the ground that he did not receive a fair trial. *See* 28 U.S.C. § 2255.[2] He argues that because Kletnick testified falsely and the prosecution failed to disclose Kletnick's January 21, 1988 letter to the Tax Court, which would have contradicted Kletnick's testimony, evidence of the settlement which could have resulted in his acquittal was improperly excluded. Manko contends that a new trial is necessary because

[t]here is at least a "significant chance" and more probably a "reasonable likelihood" that the jury would have had a reasonable doubt if it had known that the

---

**2.** Normally, a request for a new trial on the basis of newly discovered evidence is made as a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, which provides that "[a] motion for a new trial based on the ground of newly discovered evidence may be

made only before or within two years after final judgment." In this instance, although Manko's request for relief was filed within two years of the date of final judgment, he has instead petitioned this court to vacate his conviction pursuant to § 2255.

IRS had admitted that the deductions ... were partially justified. Certainly if the jury had been aware of the IRS's previous recognition that Manko had a valid argument for taking the deductions, the jury's judgment of Manko's intent would have been affected.

Appellant's Brief at 23. In opposition, the government maintains that it was unaware of the letter at the time of Manko's trial and that, in any event, the letter was not material because the district court had properly ruled that even if a civil settlement had been reached, such evidence would not have been admitted at trial.

■ Unless Manko prevails on his challenge to the district court's refusal to admit evidence of his civil settlement with the IRS under Rule 408, any new evidence concerning the settlement is irrelevant. We review the district court's decision to exclude evidence of the civil settlement under Rule 408 for an abuse of discretion. *United States v. Thai*, 29 F.3d 785, 813 (2d Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 456, 130 L.Ed.2d 364 (1994); *Trebor Sportswear Co. v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir. 1989). Rule 408 provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.... This rule ... does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Although the caselaw addressing the applicability of Rule 408 in the criminal context is sparse, we have stated, albeit in dicta, that the policy considerations that generally exclude settlement evidence in civil proceedings are not applicable in the criminal context. *United States v. Gonzalez,* 748 F.2d 74 (2d Cir.1984). In *Gonzalez,* the defendant was charged with wire and mail fraud in connection with his solicitation of allegedly fraudulent loans. On appeal, Gonzalez challenged the district court's decision to admit statements he had made during civil settlement negotiations to the effect that a particular note at issue in the criminal trial was a forgery. *Id.* at 77. We stated that the district court had not erred in admitting Gonzalez's statements because Rule 408 does not exclude relevant evidence in a criminal prosecution even where that evidence relates to the settlement of a civil claim:

> Rule 408 is premised on the idea that encouraging settlement of civil claims justifies excluding otherwise probative evidence from civil lawsuits. However, encouraging settlement does not justify excluding probative and otherwise admissible evidence in criminal prosecutions. The public interest in the disclosure and prosecution of crime is surely greater than the public interest in the settlement of civil disputes. It follows that since nothing in the Rule specifically prohibits receiving in evidence the admissions and statements made at a conference to settle claims of private parties, they are admissible in any criminal proceeding.

*Id.* at 78 (citation omitted).

■ The primary purpose of Rule 408 is the "promotion of the public policy favoring the compromise and settlement of disputes" that would otherwise be discouraged with the admission of such evidence. Rule 408, advisory committee's notes. To further this goal, evidence that is otherwise probative is excluded from civil lawsuits. Nonetheless, as we stated in *Gonzalez,* the policy that underlies Rule 408 does not apply to criminal prosecutions. The policy favoring the encouragement of civil settlements, sufficient to bar their admission in civil actions, is insufficient, in our view, to outweigh the need for accurate determinations in criminal cases where the stakes are higher. It makes no difference, in this regard, whether the settlement evidence is being offered by the government, as in *Gonzalez,* or by the defense, as in this case. Thus we reaffirm our conclusion in *Gonzalez* that the underlying policy

considerations of Rule 408 are inapplicable in criminal cases. To the extent that *Ecklund* holds otherwise, we decline to follow it.

■ In the present case, we conclude that the district court abused its discretion insofar as it based its decision to exclude the IRS settlement upon its conclusion that Rule 408 barred the evidence of the IRS settlement from Manko's criminal trial. Despite Manko's assertions to the contrary, however, we cannot conclusively determine on this record that a new trial is warranted. On remand, the district court must first determine whether, but for its misinterpretation of Rule 408, it would have admitted the relevant evidence of the settlement. In this regard, the district court should consider whether it would have admitted or excluded the evidence under Rule 403 of the Federal Rules of Evidence, taking into account any need by the government to explain how a settlement for less than the full amount of the claim might be consistent with its view that the defendant was criminally responsible for the amount of the fraud alleged in the criminal prosecution.

■ If the district court finds that it would have admitted evidence of the settlement as relevant evidence under Rule 403, it must reach the ultimate issue, *i.e.*, whether Manko should be granted a new trial. Whether the evidence erroneously excluded in this case requires a new trial depends upon its materiality and the extent to which the prosecution was aware of the circumstances surrounding its exclusion. *See United States v. Wallach,* 935 F.2d 445, 456 (2d Cir.1991), *cert. denied,* 508 U.S. 939, 113 S.Ct. 2414, 124 L.Ed.2d 637 (1993). It is well-established that "suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material either to guilt or to punishment." *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). Thus, if the district court determines that the government knew, or should have known, of Kletnick's January 21, 1988 letter that indicated the falsity of his testimony, the suppression of the letter by the government was constitutional error if there is a "reasonable probability" that, had the letter been disclosed to the defense, the result of the proceedings would have been different.

*Kyles v. Whitley,* —— U.S. ——, ——, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995); *see Wallach,* 935 F.2d at 456. To this end, the district court must ask whether "the Government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Kyles,* —— U.S. at ——, 115 S.Ct. at 1566 (quoting *United States v. Bagley,* 473 U.S. 667, 678, 105 S.Ct. 3375, 3381, 87 L.Ed.2d 481 (1985)). If, on the other hand, the district court concludes that the prosecution was unaware of the letter and its failure to disclose it was inadvertent, a new trial is required only if " 'the court [is left] with a firm belief that but for [the erroneous exclusion], the defendant would most likely not have been convicted.'" *Wallach,* 935 F.2d at 456 (quoting *Sanders v. Sullivan,* 863 F.2d 218, 226 (2d Cir.1988)). We leave this, and any other remaining issues as to the effect of nondisclosure, to the judgment of the district court.

Accordingly, we vacate the district court's denial of petitioner's application for habeas relief pursuant to § 2255 and remand for further proceedings consistent with this opinion.