**Franklyn FERNANDEZ, Defendant–Appellant.**

v.

**UNITED STATES of America, Appellee,**

Docket No. 97–2470

United States Court of Appeals, Second Circuit.

Argued May 8, 1998.

Decided July 17, 1998.

David E. Liebman, New York City, for Defendant–Appellant.

Peter A. Norling, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York (Zachary W. Carter, United States Attorney, of counsel), for Appellee.

Before: WINTER, Chief Judge, McLAUGHLIN, and CALABRESI, Circuit Judges.

PER CURIAM:

Franklyn Fernandez appealed from Judge Amon's denial of his petition brought pursuant to 28 U.S.C. § 2255. Fernandez sought to have his sentence vacated and reimposed so that he might file a timely notice of appeal. Fernandez alleged that his trial counsel provided him with ineffective assistance by failing to file a timely notice of appeal from the sentence imposed by Judge Amon following Fernandez's plea of guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court denied the petition based on, *inter alia*, its finding that Fernandez had not instructed his counsel to file such an appeal.

Fernandez argued on appeal from the denial of his Section 2255 petition that he did not waive his right to appeal his sentence because he had not affirmatively consented to his counsel's failure to file a notice of appeal. The government requested that we remand so that the district court could determine whether Fernandez had affirmatively waived his right to appeal his sentence. On April 24, 1998, we remanded to the district court for further factfinding.

Shortly after our decision, the government filed a motion for a rehearing, arguing that the issue on which we ordered a remand, namely whether Fernandez affirmatively consented to his counsel's failure to file a notice of appeal, is now irrelevant given our recent decision in *Morales v. United States*, 143 F.3d 94 (2d Cir.1998).

In *Morales*, we rejected the Ninth Circuit's rule that counsel's failure to file an appeal constitutes ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984), unless the defendant affirmatively consents to such a course of action. Instead, we adopted the Seventh Circuit's approach under which counsel is ineffective only when ignoring a defendant's explicit direction to file an appeal. *See id.* at 96–97; *Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir. 1994).

Applying *Morales* to the case at bar, we agree with the government that in light of *Morales,* further factfinding is unnecessary. Because the district court's finding that Fernández did not explicitly request his attorney to file an appeal is not clearly erroneous, *see Manko v. United States,* 87 F.3d 50, 52 (2d Cir.1996),[1] we grant the petition for rehearing, vacate our earlier opinion, and affirm the district court's denial of Fernandez's petition to vacate and reimpose his sentence.

---

1. We do not address what the appropriate test is where an explicit request to file an appeal has been made.