**Jose Luis SARROCA, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 97–2335.

United States Court of Appeals, Second Circuit.

Argued: Jan. 6, 1999.

Decided: May 10, 2001.

Randall D. Unger, Law Offices of Randall D. Unger, Forest Hills, NY, for Appellant.

Jean Walsh, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Before: PARKER, SACK, and MAGILL,* Circuit Judges.

PER CURIAM.

Jose Luis Sarroca appeals from orders dated March 25, 1997 and April 13, 1997 in the United States District Court for the Southern District of New York (Michael B. Mukasey, *Judge*) denying his motion pursuant to 18 U.S.C. § 2255 and his motion, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for reconsideration of that order.

## I. BACKGROUND

Beginning in June 1991, Sarroca and two of his confederates conspired to deliver 25 kilograms of cocaine to a confidential informant employed by the Drug Enforcement Administration. After agreeing to provide the 25 kilograms, Sarroca arranged to provide the informant with an initial delivery of three kilograms. When Sarroca delivered approximately three kilograms of cocaine to the informant on July

---

* The Honorable Frank J. Magill of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1, 1991, he and his co-conspirators were arrested.

Sarroca was charged with and pleaded guilty to conspiring to possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846, and possessing with intent to distribute approximately three kilograms of cocaine within one thousand feet of a school in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 860. The district court sentenced Sarroca to 168 months in prison, calculating his base offense level on the basis of the 25 kilograms of cocaine he conspired to sell to the informant. Sarroca did not file a direct appeal, and the record contains no evidence whatsoever that he ever requested his attorney to do so. In fact, his attorney stated in an affidavit filed in connection with Sarroca's § 2255 motion to vacate that "Mr. Sarroca never asked me to bring a direct appeal of his plea or his sentence."

On November 28, 1995, Sarroca filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his motion, Sarroca asserted that his trial counsel was ineffective in a number of respects. On March 25, 1997, the district court denied Sarroca's petition. On April 13, 1997, the district court denied Sarroca's motion to reconsider.

On April 23, 1997, Sarroca filed a pro se notice of appeal. After briefing by both parties, Sarroca filed a pro se motion to suspend the briefing and obtain appointed appellate counsel. On May 20, 1998, this Court granted the motion for appellate counsel, but only as to Sarroca's claim that his trial counsel was ineffective in failing to file a notice of appeal. We dismissed Sarroca's section 2255 petition with respect to the remainder of his claims, finding them to be "so indisputably lacking in merit as to be frivolous."

Consistent with this Court's order, on appeal Sarroca argued only that his trial counsel was ineffective in failing to file a notice of appeal. Specifically, he contends that his attorney should have appealed the district court's decision to sentence him on the basis of the 25 kilograms of cocaine he agreed to deliver, rather than the three kilograms he actually delivered.

On February 8, 1999, this Court issued a Summary Order affirming the judgment of the district court. The Summary Order "note[d]" "[a]s an initial matter" that "nothing in the record indicates that Sarroca requested or authorized his attorney to file a notice of appeal, and he does not so argue on appeal." This statement was followed by a citation to *Fernandez v. United States*, 146 F.3d 148 (2d Cir.1998) (per curiam) and a parenthetical stating "counsel is ineffective only when ignoring a defendant's explicit direction to file an appeal."

On February 28, 2000, the Supreme Court vacated this Court's decision in *Sarroca v. United States*, No. 97–2335 (unpublished Summary Order, 2d Cir. February 8, 1999), and remanded to this Court for further consideration in light of *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). *See Sarroca v. United States*, 528 U.S. 1186, 120 S.Ct. 1238, 146 L.Ed.2d 97 (2000).

## II. DISCUSSION

In *Flores–Ortega* the Supreme Court articulated three holdings. The court held first that the ineffective assistance of counsel test in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. *See Flores–Ortega*, 528 U.S. at 477, 120 S.Ct. 1029.

The Court stated in *Strickland*

we held that criminal defendants have a Sixth Amendment right to reasonably effective legal assistance, and announced a now-familiar test: A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant.

*Id.* at 476–77, 120 S.Ct. 1029 (quoting *Strickland,* 104 S.Ct. at 2052) (citations and internal quotations omitted). Strickland further held that "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 478, 120 S.Ct. 1029 (quoting *Strickland,* 466 U.S. at 668, 104 S.Ct. 2052) (internal quotations omitted).

The other two holdings in *Flores–Ortega* applied the two-part *Strickland* test to the issue of failure to file a notice of appeal. First, with respect to the reasonableness of counsel's representation, the Court held:

> [C]ounsel has a constitutionally-imposed *duty to consult with the defendant* about an appeal when there is reason to think either (1) that *a rational defendant would want to appeal* (for example, because there are nonfrivolous grounds for appeal), or (2) that *this particular defendant reasonably demonstrated to counsel that he was interested in appealing.*

*Id.* at 480, 120 S.Ct. 1029 (emphasis added). "In making this determination, courts must take into account all the information counsel knew or should have known." *Id.* (citation omitted).

Second, with respect to prejudice, the Court held that "to show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, *he would have timely appealed.*" *Id.* at 484, 120 S.Ct. 1029 (emphasis added). The "would have appealed" standard considers all of the circumstances, including whether there were nonfrivolous issues to appeal. *Id.* at 485, 120 S.Ct. 1029.

In sum, the Supreme Court concluded that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484, 120 S.Ct. 1029. Applying the *Flores–Ortega* holdings to Sarroca's case, we conclude that Sarroca has not made out a successful ineffective assistance of counsel claim entitling him to an appeal.

There are two parts to the reasonableness inquiry, and counsel has a duty to consult with the defendant if either part applies. First, counsel has a duty "when there is reason to think … that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)." *Flores–Ortega,* 528 U.S. at 480, 120 S.Ct. 1029. Second, counsel has a duty "when there is reason to think … that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.*

Under *Flores–Ortega*'s articulation of *Strickland,* Sarroca should not have been required to "explicit[ly] direct[ ]" counsel to file an appeal. *Fernandez,* 146 F.3d at 149. Rather, a more basic demonstration of interest in appealing meets the test. Even if Sarroca did not express an interest in appealing, as appears to be the case here, this Court must also consider whether counsel's duty nevertheless obtained because a rational defendant would want to appeal. But even under *Flores–Ortega*'s more generous test, Sarroca's claim of ineffective assistance fails.

We conclude that counsel's failure to file an appeal was not unreasonable. First,

Sarroca did not argue on appeal of the denial of his § 2255 motion that he made any indication to counsel that he was interested in appealing. Second, his former attorney stated in an affidavit that he never requested an appeal. Third, "nothing in the record indicates that Sarroca requested or authorized his attorney to file a notice of appeal." Finally, the Supreme Court indicated that pleading guilty, and the circumstances of that plea, could also be considered in this inquiry.

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

*Flores–Ortega,* 528 U.S. at 480, 120 S.Ct. 1029. Here, Sarroca pleaded guilty and received the sentence bargained for in the plea colloquy. The sentence was within the statutory range that Sarroca indicated he understood applied, and within the range from the PSR, to which Sarroca did not object. The record indicates that Sarroca did not waive his right to appeal. Nevertheless, the fact that he pleaded may be considered as another factor indicating that Sarroca sought an end to the judicial proceedings.

Turning to the second part of the unreasonableness inquiry, the record does not give this Court "reason to think" that a "rational defendant would want to appeal," because Sarroca did not raise any nonfrivolous arguments in his appeal to this Court. Sarroca's only argument, that his sentence was erroneous because he did not have the capacity to procure and distribute five or more kilograms of cocaine is rejected, as it had been by the district court, for the following reasons.

Former Sentencing Guideline section 2D1.4, in effect at the time of Sarroca's sentencing, stated that if "a defendant is convicted of a conspiracy or an attempt to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy or attempt had been completed." As a limited exception to this rule, Application Note 1 to section 2D1.4 provided: "[W]here the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing." This Court has interpreted former section 2D1.4 and the accompanying commentary to require the government to prove only that the defendant actually intended to produce the contested quantity of narcotics in order to include that quantity in the offense level calculation. *United States v. Hendrickson,* 26 F.3d 321, 332–33, 335–37 (2d Cir.1994).

During his plea colloquy, Sarroca admitted that he "agreed to" produce 25 kilograms of cocaine and that he was "going to make an effort to get" that amount. This admission adequately supports the sentencing court's decision to sentence Sarroca based on 25 kilograms of cocaine.

To show prejudice, Sarroca must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores–Ortega,* 528 U.S. at 484, 120 S.Ct. 1029. The Supreme Court emphasized again that the facts of each case would be deter-

minative. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485, 120 S.Ct. 1029. The Court recognized that the prejudice analysis "is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous grounds for appeal." *Id.* at 486, 120 S.Ct. 1029.

The Supreme Court in *Flores–Ortega* vacated the judgment of the court of appeals because "the findings below suggest[ed] that there may have been some conversation between [counsel] and respondent about an appeal." *Id.* at 487, 120 S.Ct. 1029. The record here contains no such suggestion, and in fact contains evidence to the contrary. Further, *Flores–Ortega* specifically stated that evidence that a defendant sufficiently demonstrated to counsel his interest in an appeal, when taken alone, is "insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." *Id.* at 486, 120 S.Ct. 1029. Therefore, Sarroca's claim still fails on the prejudice step, even if he could show that he expressed some interest in appealing, because, in the absence of "any other substantial reasons to believe that he would have appealed," *id.,* the lack of a nonfrivolous ground for appeal shows that a reasonable person would not have appealed.

## III. CONCLUSION

For the reasons set forth above, the judgment of the district court is AFFIRMED.