Anthony **VALLETTO**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**CIVIL ACTION NO. 00–4632 (JEI).**

United States District Court,
D. New Jersey.

March 28, 2002.

John Holliday, Trenton, NJ, for Petitioner.

Christopher J. Christie, United States Attorney, by Diana Carrig, Assistant U.S. Attorney, Camden, NJ, for Respondent.

## OPINION

IRENAS, District Judge.

On September 18, 2000, Petitioner Anthony Valletto filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct the sentence imposed upon him by this Court approximately one year earlier.[1] In that motion, Petitioner included a number of claims relating to both his conviction and sentence, including a claim that he was denied effective assistance of counsel when his attorney failed to file a timely notice of appeal on his behalf. On December 27, 2001, this Court denied Petitioner's motion with respect to each of his claims save that relating to his attorney's failure to file a notice of appeal. With regard to that claim, because his assertions were neither patently frivolous nor conclusively refuted by the record, the Court determined that Petitioner was entitled, pursuant to the Third Circuit's decision in *Solis v. United States*, 252 F.3d 289 (3d Cir.2001), to a mandatory evidentiary hearing. That hearing was conducted on March 1, 2002, with Petitioner, his son and his former attorney, Michael W. Kahn, Esq., appearing as witnesses. In addition, on March 26, 2002, after the submission of briefs by both parties, oral argument was held on Petitioner's motion.

For the reasons stated below, Petitioner's motion will be granted.

## I.

In *Strickland v. Washington,* the United States Supreme Court recognized that the Sixth Amendment to the United States Constitution guarantees criminal defendants the right to "reasonably effective" legal assistance. 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In so deciding, the Court announced the now-familiar rule that, to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate 1) that counsel's representation "fell below an objective standard of reasonableness"; and 2) that counsel's deficient performance resulted in prejudice to the defendant. *Id.* at 687, 694, 104 S.Ct. 2052.

In *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court recognized the application of the *Strickland* test to claims arising from an attorney's failure to appeal on behalf of a defendant and formulated a specific inquiry to be applied in such cases. *Id.* at 477, 120 S.Ct. 1029. With regard to the first prong of the *Strickland* test, the Court began its analysis by noting the well-settled rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* (*citing Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Peguero v. United States,* 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)). More importantly, the Court went on to address what would appear to be the more common situation where the defendant "neither instructs counsel to file an appeal nor asks that an appeal not be taken." *Id.* at 478, 120 S.Ct. 1029. In such situations, the Court stated, counsel's effectiveness depends on the answers to two questions: 1) whether counsel consulted with his or her client; and 2) whether counsel was under an obligation to engage in such consultation. *Id.*

1. On May 25, 1999, a jury convicted Petitioner of conspiracy to distribute and possess with intent to distribute at least one hundred grams of methamphetamine, in violation of 21 U.S.C. § 846. On September 17, 1999, this Court sentenced Petitioner to a term of imprisonment of fifty-one months, four years' supervised release and a fine of $ 1,000.

With regard to the first, "antecedent", question, the Court began by stating that "the term 'consult'... convey[s] a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes". *Id.* The Court then articulated the consequences of a court's answer to that question, noting first that, if counsel did consult with the defendant, then the failure to file a notice of appeal constitutes ineffective assistance only where that failure is contrary to the express instructions of the defendant. *Id.* at 478, 120 S.Ct. 1029. The Court went on to hold, however, that "if counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* In providing the framework under which to answer this question, the Court held that an attorney's obligation to consult with a defendant regarding appeal arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480, 120 S.Ct. 1029; *see also, Solis,* 252 F.3d at 293.

■ Moving to the application of the inquiry discussed above to Petitioner's case and proceeding through that inquiry as suggested by the Supreme Court, the Court first concludes that Petitioner's counsel did not, in fact, consult with Petitioner regarding his right to appeal. As noted above, consultation occurs when counsel "advises the defendant about the advantages and disadvantages of taking an appeal" and makes "a reasonable effort to discover the defendant's wishes." *Flores–Ortega,* at 478, 120 S.Ct. 1029. By all accounts, Petitioner had only one conversation with his trial attorney regarding the issue of an appeal. According to Petitioner, this conversation was initiated when, after being instructed by this Court regarding his right to appeal, he asked his attorney to "put in an appeal for me." [2] Based on the testimony offered by each of the witnesses at Petitioner's hearing, including his former attorney, it appears that counsel's response to this inquiry was limited to the expression of counsel's belief in the weakness of the appealable issues in Petitioner's case. Such a conversation, in a case such as this, does not constitute "consultation" within the meaning of *Flores–Ortega.* In his testimony at Petitioner's evidentiary hearing, Petitioner's trial attorney conceded that, despite the likelihood.that it would be unsuccessful, there were in reality very few disadvantages to the filing of an appeal, as Petitioner was indigent and there would therefore be no financial burden on Petitioner during that process. In such a case, counsel's emphasis on the merits (or lack thereof) of Petitioner's appeal would seem to be nothing more than an attempt to dissuade Petitioner from pursuing an appeal and is therefore inconsistent with the Supreme Court's recognition that "consultation" includes an objective presentation of both the advantages and disadvantages of filing an appeal and the fundamental principle that the decision to appeal "rests with the defendant". *See id.* at 479, 120 S.Ct. 1029.

**2.** In his motion, Petitioner contends that he made "numerous requests" that his attorney file an appeal for him and that his attorney failed to do so. (Reply/Traverse at 17). While this contention is unsupported by Petitioner's hearing testimony, this discrepancy does not control the Court's inquiry as "under *Flores–Ortega's* articulation of *Strickland,* [a defendant] should not [be] required to 'explicitly direct' counsel to file an appeal," *Sarroca v. United States,* 250 F.3d 785, 787 (2d Cir. 2001).

Further, and more importantly, the record reveals that Petitioner's attorney did not make a reasonable effort to discover Petitioner's wishes regarding the filing of an appeal. At the evidentiary hearing held in connection with the instant motion, the Court engaged in extended questioning of Petitioner's former attorney. During this exchange, counsel revealed that Petitioner never expressly instructed him not to pursue an appeal and that he never specifically inquired, during that conversation or at any other time, whether Petitioner had made a final decision regarding the filing of an appeal. In a situation such as this, where a defendant indicates his general desire for an appeal and never expressly states otherwise, an attorney does not meet his obligation to make a reasonable effort to discover his client's wishes where he neglects to take any affirmative action to determine his client's intentions prior to the expiration of the period in which a notice of appeal may be filed. Accordingly, the Court turns to the second question mandated by *Flores–Ortega:* whether Petitioner's attorney was under an obligation to consult with his client regarding appeal.

In *Flores–Ortega,* the Court noted that "we expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." 528 U.S. at 481, 120 S.Ct. 1029. This is such a case. Here, the Court finds that Petitioner's attorney was under an obligation to consult with Petitioner regarding his appeal rights, as Petitioner's behavior throughout the proceedings against him gave counsel reason to think that "this particular defendant was interested in appealing." [3] As his attorney recognized, Petitioner vigorously contested the proceedings against him, maintaining his claim of innocence throughout. In *Flores–Ortega,* the Court noted that "a highly relevant factor" in the inquiry into an attorney's obligation to consult "will be whether the conviction follows a trial or guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* at 480, 120 S.Ct. 1029. In this case, Valletto provided no such indication. As his former attorney recounted at the evidentiary hearing, Petitioner's commitment to his claim of innocence frustrated his attorney's repeated attempts to convince his client to assist the government in order to obtain a downward departure under the Sentencing Guide-

---

**3.** The Court also notes that a case such as this, in which Petitioner was one of multiple defendants in a multi-week trial, is likely one in which an attorney would also be obligated to consult with his client regarding appeal on the rationale that "a rational defendant would want to appeal." *Flores–Ortega,* at 480, 120 S.Ct. 1029. In this "objective" determination, the Supreme Court indicated that the most important consideration is the presence or absence of non-frivolous grounds for appeal. *Id.* In this case, there are, almost without question, non-frivolous grounds for appeal. A trial such as Petitioner's is likely to generate a number of rulings, evidentiary and otherwise, that could provide a basis for appeal. Indeed, in his supplemental brief, Petitioner raises several potentially appeal-able issues arising from his trial and sentence, including that the government failed to comply with its obligation to disclose potentially exculpatory evidence to Petitioner and that this Court erred in failing to grant a number of downward departures based on Petitioner's physical and mental condition. (*See* Pet. Supp. Br. (submitted March 12, 2002) at 507). However, because the Court is unable, based on the record currently before it, to determine the non-frivolousness of these asserted errors, it will not rest its ultimate decision on the "rational defendant" prong of the Supreme Court's *Flores–Ortega* inquiry, but will instead rely on the ample evidence that Petitioner was subjectively interested in appealing and that his attorney should have been aware of this interest.

lines.[4] Further, this Court recalls Petitioner's behavior throughout his trial and sentencing and believes that conduct to be indicative of Petitioner's belief in his own innocence and evidence of his likely desire to pursue an appeal. Where a defendant manifests such an obvious commitment to challenging the case against him, and appears, as Petitioner does, to be of the honest belief that he was unjustly prosecuted and convicted, his attorney has reason to believe that an appeal might be desired and, accordingly, has a constitutional obligation to consult with his client regarding that option.

Accordingly, the Court finds that Petitioner's trial attorney was obligated to consult with Petitioner about the filing of an appeal and that that attorney, by failing to take active steps to inform Petitioner about the advantages of filing an appeal and to discern Petitioner's wishes regarding that course of action, did not meet that obligation. For those reasons, the Court holds that the conduct of Petitioner's trial attorney fell below an objective standard of reasonableness and that Petitioner has therefore satisfied the first prong of the test articulated by *Strickland* and *Flores–Ortega.*

However, this finding does not itself mandate that Petitioner's motion be granted. Under *Strickland,* as noted above, an attorney's deficient conduct rises to the level of a Sixth Amendment violation only where that conduct brings the reliability of the proceeding against the defendant into question. *See Strickland,* at 692, 104 S.Ct. 2052. With regard to this inquiry, the Supreme Court in *Flores–Ortega,* while refusing to hold that counsel's deficient performance in failing to consult with a defendant regarding the right to appeal is *per se* prejudicial, recognized that counsel's unreasonable failure to consult with a defendant who wishes to appeal leads "not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Flores–Ortega,* at 483, 120 S.Ct. 1029. That being the case, the Court stated, in order to satisfy the second prong of the *Strickland* inquiry, a defendant need not demonstrate the merits of the specific grounds upon which he would have appealed, but instead need only demonstrate that "counsel's constitutionally deficient performance deprive[d][him] of an appeal he otherwise would have taken." *Id.* at 484, 120 S.Ct. 1029.

Here, the Court believes that Petitioner's manifest belief in his innocence and his persistent attempts to challenge the proceedings against him, combined with the near certainty of nonfrivolous grounds for Petitioner's appeal, satisfy this requirement. Further supporting this conclusion is the almost total absence of reasons why Petitioner, had he been informed of his rights and consulted about his wishes, would not have appealed. As mentioned, Petitioner was represented throughout his trial and sentencing by a court-appointed attorney, and would have continued to be so represented on appeal. Further, while in some cases a defendant's behavior may provide an indication that he "seeks an end to judicial proceedings", *Flores–Ortega,* at 480, 120 S.Ct. 1029, Petitioner's behavior in this case provides no such indication and, indeed, counsels in favor of a contrary conclusion. Upon conclusion of his sentencing, Petitioner, apparently convinced

---

**4.** In its brief, the government suggests that Petitioner's "safety valve" proffer, under 18 U.S.C. § 3553(f), immediately prior to sentencing may have given his attorney "no reason to believe that Valletto was interested in appealing." However, as his attorney recognized, Petitioner was extremely reluctant to make such a proffer and his attorney's ability ultimately to convince him to do so does not abrogate Petitioner's manifest desire to contest his conviction to the fullest extent possible.

of his innocence and of the injustice of the sentence against him, was presented with the opportunity to continue his attempts at vindication, at no cost to him, through the filing of an appeal. Under these circumstances, there seems little doubt that, had he been objectively informed of the options he possessed, Petitioner would have filed an appeal. That being the case, the Court finds that Petitioner has sufficiently demonstrated that, but for his attorney's deficient performance, he would have taken an appeal and that, therefore, he was deprived of his Sixth Amendment right to effective assistance of counsel. Accordingly, Petitioner's motion, pursuant to 28 U.S.C. § 2255, will be granted with respect to that claim.

## II.

In *Solis,* the Third Circuit held that if a court determines that a petitioner's counsel was ineffective in failing to file a timely notice of appeal, "then [the petitioner] must be given the opportunity *nunc pro tunc* to brief his direct appeal in full." 252 F.3d at 295. This holding accords with the statement of the Supreme Court, in *Flores–Ortega,* that when "counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim *entitling him to an appeal.*" 528 U.S. at 484, 120 S.Ct. 1029 (emphasis added). Therefore, the Court will permit Petitioner to file a direct appeal of his conviction and sentence, provided he files a notice of that appeal within ten days and in compliance with the Federal Rules of Appellate Procedure.

## III.

■ The final issue to be resolved in this case is the status of Petitioner during the pendency of his appeal. Generally, a convicted defendant's right to release pending appeal is governed 18 U.S.C.

§ 3143(b) and, had Petitioner filed a timely appeal in this case, his entitlement to release during that appeal would have been governed by the provisions of that section. However, this Court need not conduct the same inquiry today as it would have more than two years ago.

Petitioner is now seventy-five years old and in poor health and has served approximately twenty-eight months of a fifty-one month sentence. Further, had he filed a timely appeal of his conviction and sentence, it is conceivable that that appeal would by now have secured his release. Given these facts, the Court believes that granting Petitioner's release pending his appeal is the most just result in this case, as such relief will minimize the effects of the constitutional violation in this case by placing Petitioner in the position which most effectively replicates that in which he would have been had he filed a timely appeal. Accordingly, the Court will order Petitioner's release, subject to such conditions as it deems appropriate, during the pendency of his appeal.

The Court will issue an appropriate order.

## ORDER GRANTING IN PART PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

This matter having appeared before the Court upon Petitioner Anthony Valletto's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, the Court having held an evidentiary hearing on Petitioner's claim that he was denied effective assistance of counsel with regard to the filing of a direct appeal, having considered the submissions of the parties and having heard oral argument, for the reasons set forth in an opinion issued by this Court, which findings of fact and conclusions of law are incorporated herein by reference, and for good cause appearing,

**IT IS** on this 28th day of March, 2002,

**ORDERED THAT:**

1. Petitioner's motion for relief pursuant 28 U.S.C. § 2255 is herby **GRANTED** with respect to his claims that he was denied effective assistance of counsel with regard to the filing of a direct appeal;

2. Petitioner shall be permitted to file a direct appeal of his conviction and sentence, provided that he must file a notice of that appeal in accordance with the Federal Rules of Appellate Procedure within ten (10) days of the issuance of this Order;

3. Petitioner shall be released pending appeal on such conditions as will be set forth by this Court in a separate order.