**Bernhard Fred MANKO,
Plaintiff–Appellant,**

Jon Edelman, Petitioner–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

Nos. 98–2639(L), 98–2676(CON).

United States Court of Appeals,
Second Circuit.

April 28, 2003.

T. Barry Kingham, Curtis, Mallet–Prevost, Colt & Mosle (Herbert Stoller and James E. Connelly, on the brief), New York, NY, for Appellant Manko.

Gerard A. Riso, Stein, Riso, Haspel & Jacobs LLP (Anusia L. Gayer, on the brief), New York, NY, for Appellant Edelman.

Stanley Okula, Assistant United States Attorney, (Mary Jo White, United States Attorney for the Southern District of New York, David Greenwald and Paul A. Engel-

mayer, Assistant United States Attorneys, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, OAKES, and NEWMAN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Bernhard Fred Manko and petitioner-appellant Jon Edelman moved to vacate their convictions and to obtain a new trial pursuant to 28 U.S.C. § 2255. Following a joint jury trial, Manko and Edelman were convicted in 1991 of making false tax returns and aiding and abetting the preparation of false tax returns in violation of 26 U.S.C. § 7206(1) and § 7206(2), and of conspiring to violate the tax laws and to defraud the United States in violation of 18 U.S.C. § 371. We presume familiarity with the facts and procedural history detailed in the decision below, *Manko v. United States,* Nos. 95 Civ. 1611, 96 Civ. 3667, 1998 WL 391129 (S.D.N.Y. July 13, 1998) ("Manko III"), and from the prior decisions relating to this case, *see United States v. Manko,* 979 F.2d 900 (2d Cir.1992) ("Manko I"); *Manko v. United States,* 87 F.3d 50 (2d Cir. 1996) ("Manko II"); *Manko v. Comm'r,* 74 T.C.M.(CCH) 1174, 1997 WL 701355 (1997); and *Manko v. Comm'r,* 69 T.C.M. (CCH) 1636, 1995 WL 39228 (1995). The key question in this appeal is whether the district court properly excluded evidence of the appellants' earlier civil settlement with the IRS which disallowed eighty percent of the deductions that the IRS claimed to be fraudulent.

In 1996, we vacated and remanded the district court's denial of habeas relief because the district court had erroneously excluded evidence of an earlier civil settlement with the IRS as a matter of law under Fed.R.Evid. 408. *See Manko II,* 87 F.3d at 55. On remand, the district court ruled that the evidence of a settlement was not relevant under Fed.R.Evid. 401 and 402, and that the evidence's probative value was substantially outweighed by the danger of confusion under Fed.R.Evid. 403. On appeal, Manko and Edelman argue that (1) a tax court decision collaterally estopped the district court from finding that the settlement was inadvertent; (2) the evidence was relevant; (3) the district court erred in excluding the evidence under Rule 403; and (4) they should receive a new trial because the prosecution suppressed the evidence and permitted false testimony relating to the settlement.

■ We review the district court's evidentiary rulings for abuse of discretion. *Old Chief v. United States,* 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Assuming *arguendo* that the IRS intended to settle its civil case against Manko and Edelman and that the settlement was relevant under Rules 401 and 402, the district court did not abuse its discretion in ruling that the evidence's probative value is substantially outweighed by the danger of confusion of the issues and of misleading the jury. Fed.R.Evid. 403. The district court found that the evidence had little probative value with respect to the ultimate issue of guilt in the criminal case because the settlement reflected the IRS's doubts as to its ability to prove its case at trial, not doubt as to whether the underlying transactions were fraudulent. *Manko III,* 1998 WL 391129, at *10. The settlement's disallowance of eighty percent of the claimed deductions suggests that even those doubts about success at trial were not strong. *Id.* at *6.

If the evidence were admitted, the trial would have been diverted from the central

issue of guilt or innocence to a complicated inquiry into the IRS's bureaucratic mechanisms in hopes of divining the IRS's true intent in reaching a civil settlement with appellants. This inquiry necessarily would delve into the morass of a particularly messy negotiation in this case and into the IRS's complex policies of settlement and enforcement. Admission of the settlement would have yielded little probative value, and it would have confused and misled the jury. Furthermore, this evidence would have wasted time. Fed.R.Evid. 403. Exploration of the issues relating to the settlement at the district court's § 2255 hearing lasted several days, and could have been expected to consume more time when conducted before a jury. We have held that "[a] trial judge has discretion to exclude evidence [that] is only slightly probative if its introduction would confuse and mislead the jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial." *United States v. Bowe*, 360 F.2d 1, 15 (2d Cir.1966); *cf. United States Football League v. Nat. Football League*, 842 F.2d 1335, 1373 (2d Cir.1988) (not error to exclude evidence that would have led to "mini-trial").

■ Manko and Edelman claim that they are entitled to a new trial because the prosecution improperly withheld evidence of the settlement. Assuming *arguendo* that the prosecution knew or should have known of the settlement, a new trial is warranted only "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (internal quotation marks omitted). Because the evidence would have been excluded under Rule 403, the result of the proceedings would not have been different. Ac-

cordingly, the appellants are not entitled to a new trial.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.