*McAllister v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-one.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

————————————————————————————

JEFFREY MCALLISTER,

> *Petitioner-Appellant,*

> > v.                                              No. 19-2514

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

————————————————————————————

FOR APPELLANT:                JANE MEYERS, Law Office of Jane S. Meyers, Brooklyn, NY.

FOR APPELLEE:                THOMAS R. SUTCLIFFE, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on July 17, 2019, is **AFFIRMED**.

Jeffrey McAllister appeals from the district court's 2019 order denying his *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. McAllister premises his motion on a claim that he received constitutionally deficient representation from his appointed defense counsel, who failed to appeal the district court's judgment following McAllister's guilty plea, pursuant to an agreement with the government, to one count of conspiracy to distribute 100 grams or more of heroin. In the plea agreement, McAllister admitted that two of his five prior state felony drug convictions qualified as predicates for certain sentencing enhancements, and he waived his right to appeal or collaterally attack any sentence of imprisonment equal to or below 262 months, which the parties agreed marked the low end of the applicable Guidelines range. The district court sentenced McAllister to 240 months of imprisonment and eight years of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. The district court did not err in denying McAllister's section 2255 motion

To establish a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must show that his counsel's performance "fell below an objective standard of reasonableness" based on all the circumstances, assessed from counsel's point of view. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). For purposes of this inquiry, counsel acts in a professionally unreasonable manner when she disregards "specific instructions from the defendant to file a notice of appeal" or, as most relevant here, fails to "consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested

in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 480 (2000); *see Sarroca v. United States*, 250 F.3d 785, 787 (2d Cir. 2001).

McAllister does not assert that he expressly instructed his counsel, Randi Bianco, to file a notice of appeal.[1] He submits, however, that under *Flores-Ortega*, Bianco had a duty to consult with him about whether to appeal because she had "reason to think" that he had "reasonably demonstrated" his interest in taking an appeal. 528 U.S. at 480; Appellant's Br. at 29. McAllister alleges that he had conversations with Bianco (at an unspecified time) concerning his belief that his previous state convictions are not valid predicates for certain sentencing enhancements. He further alleges that that during those conversations he "aggressive[ly]" expressed disagreement with Bianco's contrary conclusions, based on our decision in *Harbin v. Sessions*, 860 F.3d 58 (2d Cir. 2017). App. 121–22. In addition, he asserts that he sent Bianco a letter on December 3, 2018, reiterating his view of *Harbin* and citing our July 2018 decision in *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018), as important to the correct sentencing in his case.[2] That communication too, he argues, conveyed his likely interest in appealing his sentence. In this setting, McAllister submits, Bianco had a duty to consult with him about appealing and she failed to do so.

On *de novo* review,[3] we find that McAllister's record assertions fall short of demonstrating that Bianco's representation was constitutionally deficient. If McAllister's

---

[1] In his *pro se* section 2255 motion, he alleged that his counsel "never filed the request [sic] Appeal," App. 111, which might be read to suggest that an actual request was made. *See also* App. 116 ("NO APPEAL WAS FILED BY DEFENSE COUNSEL AS REQUESTED BY PETITIONER MCALLISTER."). But we have not identified any record averment by McAllister that he actually asked counsel to file a notice of appeal, his briefing on appeal proceeds on the apparent understanding that he did not make such a request, his appellate counsel conceded at oral argument that McAllister had not alleged that he requested an appeal, and Bianco submitted an affidavit denying that he had requested that she file an appeal.

[2] The letter McAllister refers to is not in the record on appeal, but McAllister filed Bianco's response, dated December 5, as an attachment to his motion. In her response, Bianco advised McAllister that she was aware of *Townsend*, but "after doing the research" she determined "it did not apply" in McAllister's case because it addressed different provisions of the relevant state criminal law. App. 129–30. She also wrote that she "did not receive any correspondence" from McAllister requesting an appeal of his below-Guidelines sentence. App. 130.

[3] We review *de novo* the mixed question of law and fact whether defense counsel provided ineffective assistance under the Sixth Amendment. *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000).

3

actions had demonstrated an interest in appealing, then Bianco would have been required to "consult" with him expressly about filing an appeal. *See Flores-Ortega*, 528 U.S. at 480; *see also Campusano v. United States*, 442 F.3d 770, 771–72 (2d Cir. 2006) (holding that "an attorney who fails to file a notice of appeal requested by his client is constitutionally ineffective," even "when the client waived appeal in his plea agreement" and when the attorney "believes the requested appeal would be frivolous"). When properly viewed on the timeline of her representation, however, McAllister's actions did not reasonably demonstrate an interest in appealing his sentence. Nor were the circumstances ones in which a rational defendant would want to appeal. Accordingly, Bianco's failure to consult with him does not breach the constitutional standard.

McAllister's actions did not reasonably convey an interest in appealing. Some of the conversations he relies on occurred before his guilty plea, and he makes no specific allegation that any of them occurred after his sentencing during the time when an appeal would have been timely. Although he alleges that he expressed disagreement with Bianco's legal conclusions in those conversations, McAllister nonetheless chose to follow Bianco's advice to enter that plea in March 2018 and waived his right to appeal at that time. The subsequent correspondence he points to was exchanged months after his sentencing, and long after the time to appeal expired. He does not allege that he communicated with Bianco at all—much less that he gave her any reason to think he would be interested in an appeal— at any point between his August 6 sentencing and his December 3 letter. His December 3 letter alone did not raise a further duty in Bianco to consult with McAllister about an appeal that would have in any event been untimely.

Nor would a rational defendant have wanted to appeal. McAllister received a significant benefit from his plea agreement: In exchange for his guilty plea and ancillary covenants, the government agreed to dismiss the remaining charge against him—a dismissal that meant a mandatory-minimum term of incarceration of 10 years instead of a mandatory life sentence. The benefit carried through to his sentencing, when the district court imposed a term of imprisonment 22 months lower than the 262-month cap that he agreed with the government would apply to his appeal waiver. With no nonfrivolous grounds for appeal

4

identified now or then, no "rational defendant" would want to appeal under these circumstances. *Flores-Ortega*, 528 U.S. at 480.

We therefore conclude that McAllister did not receive constitutionally ineffective assistance of counsel. *See Sarroca*, 250 F.3d at 787–88 (concluding that representation was not deficient because defendant did not request an appeal or even show a "basic demonstration of interest in appealing" and "the record does not give this Court 'reason to think' that a 'rational defendant would want to appeal'").

## II. The district court did not abuse its discretion by declining to hold an evidentiary hearing

McAllister further argues that the district court abused its discretion by denying his section 2255 motion without holding an evidentiary hearing. A district court must hold a hearing on such a motion unless the motion and case records "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Even so, a district court may in its discretion decline to conduct a full evidentiary hearing and choose instead "to expand the record," if necessary, with an affidavit, for example, before determining if a hearing is required under section 2255(b). *Chang v. United States*, 250 F.3d 79, 85–86 (2d Cir. 2001).

Here, rather than conducting a hearing, the district court reviewed McAllister's submission and then requested and received an affidavit from Bianco about her representation.[4] In that affidavit, Bianco averred that she "never received any correspondence from Mr. McAllister requesting that a notice of appeal be filed" and that McAllister never made a "verbal request" that she file an appeal. App. 154; *see supra* at 3 n.2.

McAllister assails Bianco's affidavit as insufficiently detailed to support the district court's factual finding that Bianco was not reasonably on notice that McAllister wished to appeal. But regardless of whether Bianco's affidavit could have been more specific, McAllister's factual allegations—even if credited as true—were insufficient on their own to

---

[4] The district court granted the government's motion for a finding that McAllister had waived attorney-client privilege "in relation to matters raised by" McAllister's section 2255 motion, and it ordered that Bianco was "authorized to provide the Government with an affidavit regarding [McAllister's] claims." Order, *United States v. McAllister*, No. 17-cr-323 (N.D.N.Y. Mar. 11, 2019), ECF No. 147.

5

support his claims for the reasons detailed above. *See Morales v. United States*, 635 F.3d 39, 45 (2d Cir. 2011) (concluding that district court did not abuse its discretion by declining to hold an evidentiary hearing because, "[e]ven crediting [the defendant's] affidavits in full, they are insufficient to establish a claim for ineffective assistance of counsel").

We thus conclude that the district court did not abuse its discretion by determining that the record "conclusively show[ed]" that McAllister was not entitled to the requested relief or by deciding the merits on the record, including Bianco's affidavit. 28 U.S.C. § 2255(b).

* * *

We have considered McAllister's remaining arguments and find in them no basis for reversal. The order of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

6