Hector JIMENEZ, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 02 Civ. 8704(RWS).

United States District Court, S.D. New York.

May 1, 2003.

86

Hector Jimenez, FCI Fort Dix, Fort Dix, NJ, Petitioner pro se.

Honorable James B. Comey, United States Attorney for the Southern District of New York, New York, NY (David B. Anders, Assistant U.S. Attorney, of counsel) for Respondent.

## OPINION

SWEET, District Judge.

*Pro se* petitioner Hector Jimenez ("Jimenez" or the "Petitioner") seeks to set aside his conviction pursuant to 28 U.S.C. § 2255 based upon his plea of guilty to two indictments charging him with violating 21 U.S.C. § 846. The government has opposed the petition which is denied for the reasons set forth below.

### Prior Proceedings

Jimenez entered a plea of guilty on September 22, 2000 to the two indictments

charging him with violating 21 U.S.C. § 846 after signing a plea agreement on September 21, 2000 which provided an agreed-upon sentencing guideline range, an agreement that Jimenez possessed a weapon in connection with the offenses charged in one of the indictments, and a waiver of his right to appeal and to attack collaterally any sentence imposed within the agreed-upon range.

The Magistrate Judge carefully conducted an allocution which established that Jimenez understood the conditions of his plea agreement and its effect and that the plea was entered into knowingly. Upon the Magistrate Judge's recommendation, the plea was accepted by the Court on March 21, 2001.

Jimenez was sentenced on December 13, 2001. After argument with respect to the facts relating to the gun enhancement, the Court departed downward from the stipulated guideline range and imposed the mandatory minimum sentence of 120 months.

On October 31, 2002, Jimenez filed his § 2255 petition which collaterally attacked his sentence for wrongly enhancing his sentence for gun possession and for ineffective assistance by counsel for failing to file an appeal on the gun enhancement and for permitting Jimenez to file an "involuntary and unintelligent plea."

The government filed its opposition, Jimenez replied, and the petition was marked fully submitted on January 24, 2003.

### Waiver

 Under his plea agreement, Jimenez stipulated that the applicable Guidelines range would be 135 to 168 months, and explicitly waived his right to appeal or to file a § 2255 motion within or below the Guidelines range of 135 to 168 months. The Second Circuit has repeatedly held that a defendant's waiver of such rights within an agreed-upon Guidelines range is generally enforceable. *United States v. Difeaux,* 163 F.3d 725, 728 (2d Cir.1998); *United States v. Djelevic,* 161 F.3d 104, 106–07 (2d Cir.1998); *(per curiam); United States v. Maher,* 108 F.3d 1513, 1531 (2d Cir.1997); *United States v. Yemitan,* 70 F.3d 746, 747 (2d Cir.1995); *United States v. Pipitone,* 67 F.3d 34, 39 (2d Cir. 1995) (defendant may not evade waiver of appeal by filing § 2255 motion instead of direct appeal). When a defendant has knowingly and voluntarily waived his right to challenge a sentence within a stipulated range, he may not subsequently challenge a sentence imposed within that range. *E.g., Garcia–Santos v. United States,* 273 F.3d 506, 508 (2d Cir.2001); *United States v. Gomez–Perez,* 215 F.3d 315, 318 (2d Cir.2000) (collecting cases); *Maher,* 108 F.3d at 1531.

 A waiver of the right to appeal will be enforced so long as the entire record demonstrates that the waiver was knowing and voluntary. *Yemitan,* 70 F.3d at 747:

> In no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

*Accord United States v. Salcido–Contreras,* 990 F.2d 51, 52 (2d Cir.1993) *(per curiam),* cert. denied, 509 U.S. 931, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993). The knowing and voluntary nature of the waiver can be established by a written waiver provision in an agreement to which the Court draws a defendant's attention during the plea hearing. *United States v. Blackwell,* 199 F.3d 623, 626 (2d Cir.1999) *(per curiam); Berdecia v. Lacy,* No. 99 Civ. 11309, 2000 WL 1072306, at *6 (S.D.N.Y.

Aug.2, 2000) (waiver knowing and voluntarily where agreement unambiguous and defendant acknowledged understanding on record); *Miller v. United States,* No. 00 Civ. 2469, 2000 WL 1050584, at *3 (S.D.N.Y. July 28, 2000) (same).

■ Here, Jimenez made a knowing and voluntary waiver of his right to attack a sentence of 135 to 168 months. The plea agreement was unambiguous, specifically providing that "the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the Stipulated Sentencing Range of 135 to 168 months." Moreover, the Court carefully inquired of Jimenez at the plea proceeding regarding his understanding of these very terms of the agreement:

> THE COURT: Do you also understand that as part of this plea agreement, in each case if the prison term that you receive is no greater than the amount contained in the Guideline range that we've talked about, that is, no longer than 168 months, you are giving up your right to challenge that sentence either on appeal to the Court of Appeals or by application to the trial Judge; you understand that?

> DEFENDANT: Yes.

The record as a whole plainly established that Jimenez knowingly and voluntarily waived his right to appeal or file a § 2255 motion. Jimenez validly waived his right to challenge the sentence imposed. In these circumstances, Jimenez's motion is dismissed.

### The Gun Enhancement

Jimenez argues that the Court improperly enhanced his offense level based on his possession of a firearm based upon *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

■ However, *Apprendi* does not require a jury to find the fact of gun posses-

sion beyond a reasonable doubt before that fact can be used to enhance a defendant's Sentencing Guidelines range. In *Apprendi,* the court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. Here, Jimenez's claim does not implicate *Apprendi* because the two-level gun enhancement did not affect the applicable maximum statutory penalty. *See United States v. Garcia,* 240 F.3d 180, 184 (2d Cir.2001) (holding, post-*Apprendi,* that "a guideline factor, unrelated to a sentence above a statutory maximum or to a mandatory statutory minimum, may be determined by a sentencing judge and need not be submitted to a jury"), *cert. denied,* 533 U.S. 960, 121 S.Ct. 2615, 150 L.Ed.2d 769 (2001); *accord United States v. Feola,* 275 F.3d 216, 218–19 (2d Cir.2001) (*per curiam* ); *United States v. Dennis,* 271 F.3d 71, 74 (2d Cir.2001); *United States v. McLeod,* 251 F.3d 78, 82 (2d Cir.2001); *United States v. Breen,* 243 F.3d 591, 599 (2d Cir.2001), *cert. denied,* 534 U.S. 894, 122 S.Ct. 214, 151 L.Ed.2d 152 (2001). The Second Circuit has explicitly held that "*Apprendi* does not apply to enhancements that determine a sentence that is within the applicable statutory maximum and that would otherwise be above the applicable statutory minimum." *United States v. Norris,* 281 F.3d 357, 359 (2d Cir.2002). Accordingly, Jimenez's claim is foreclosed.

### Counsel Was Not Ineffective

A defendant seeking to attack his sentence based on ineffective assistance of counsel must: (a) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (b) "affirmatively prove prejudice," *i.e.,* demonstrate that "there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord United States v. Vegas,* 27 F.3d 773, 777 (2d Cir.1994), *cert. denied,* 513 U.S. 911, 115 S.Ct. 284, 130 L.Ed.2d 200 (1994); *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994), *cert. denied,* 513 U.S. 820, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994).

Jimenez's claim fails to satisfy either prong of the *Strickland* standard for, determining ineffective assistance of counsel. *See Strickland,* 466 U.S. at 668, 104 S.Ct. 2052.

 Jimenez claims that his counsel was ineffective for failing to file a direct appeal challenging the imposition of a gun enhancement. Because Jimenez waived his right to appeal, he is precluded from asserting an ineffective assistance claim based on counsel's failure to file a notice of appeal. *See, e.g., Alcantara v. United States,* No. 02 Civ. 5991(DC), 2003 WL 102873, at *2 (S.D.N.Y. Jan.10, 2003) (citing cases). In any event, as explained above, such an appeal would have been frivolous based on the Second Circuit's decision in *Norris,* 281 F.3d at 358.

 Jimenez also claims that his counsel was ineffective because he allowed Jimenez to enter an involuntary and unintelligent plea. The factual claims Jimenez raises are belied by his statements, under oath, during his plea allocution. At the plea hearing, the following exchange occurred:

THE COURT: Have you received copies of the two indictments that we're talking about now, one being an indictment, a superseding indictment in a case, docket number 99 Cr. 1110, and the other being a superseding indictment in the case with a docket number 99 Cr. 1193?

DEFENDANT: Yes.

THE COURT: Have you read these indictments, and do you want me to read them to you?

DEFENDANT: I read them, sir.

THE COURT: Do you understand what they say you did?

DEFENDANT: Yes.

THE COURT: Have you had a chance to discuss these charges with your attorney, as well as discuss with him how you wish to plead today?

DEFENDANT: Yes.

THE COURT: Have you had a chance to discuss these charges with your attorney, as well as discuss with him how you wish to plead today?

DEFENDANT: Yes, briefly, yes. This is—

THE COURT: Would you like a further opportunity to discuss these matters with your attorney? Bear in mind this is an important step that you're considering taking.

DEFENDANT: No, we're ready.

THE COURT: Excuse me?

DEFENDANT: No, I'm ready.

THE COURT: Okay. Are you satisfied with your attorney?

DEFENDANT: Yes, I am.

THE COURT: Are you ready at this time to enter a plea?

DEFENDANT: Yes, I am.

As this exchange made clear, Jimenez stated, under oath, that he was prepared to enter a plea and that he was satisfied with his attorney's representation. His claim now that he was "allowed . . . to enter into an involuntary and unintelligent plea agreement" is simply not credible.

 In any event, Jimenez suffered no prejudice even if his counsel's performance was deficient. Jimenez was sentenced to the statutory mandatory minimum sentence. Jimenez stated during his plea that

he was involved in the distribution of over 5 kilograms of cocaine. This admission implicated a mandatory minimum sentence of 120 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). At sentencing the Court imposed that mandatory minimum sentence. The sentence imposed was the lowest allowed by law. Accordingly, Jimenez cannot establish prejudice.

### Conclusion

The petition is dismissed as frivolous.

It is so ordered.