11-1240-cr
*United States v. Harrison*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Argued On: October 26, 2012)  Decided: November 6, 2012)

Docket No. 11-1240-cr

---

UNITED STATES OF AMERICA,

*Appellee*,

v.

BENJAMIN HARRISON,

*Defendant-Appellant.*

---

Before: CABRANES, CHIN, and CARNEY, *Circuit Judges*.

Appeal from a March 2, 2012 judgment of conviction of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*). Because we conclude that the waiver of appeal was valid and that the relevant change in law caused by *Dorsey v. United States*, 132 S. Ct. 2321 (2012), does not affect a valid waiver of appeal, we affirm.

> SALLY WASSERMAN, Law Office of Sally Wasserman, New York, NY, *for Defendant-Appellant Benjamin Harrison.*

> MICHAEL D. MAIMIN (Katherine Polk Failla, *on the brief*), *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York.

PER CURIAM:

Defendant-Appellant Benjamin Harrison was charged by Information with one count of conspiracy to violate the narcotics laws of the United States—specifically, to distribute or possess with the intent to distribute 50 grams and more of crack cocaine. *See* 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(A), 846. Harrison pleaded guilty to Count 1 of the Information on October 28, 2010 before Magistrate Judge Debra Freeman and, on the basis of a plea agreement, Magistrate Judge Freeman recommended to Judge Richard M. Berman that he accept Harrison's guilty plea. The plea agreement stipulated, *inter alia*, that Harrison would not appeal a sentence at or below 120 months' imprisonment, which was the mandatory minimum sentence applicable at the time Harrison committed his offense. On November 2, 2010, Judge Berman accepted the recommendation of Magistrate Judge Freeman and Harrison's guilty plea. On March 1, 2011, Judge Berman sentenced Harrison to 120 months' imprisonment.[1]

On appeal, Harrison seeks a remand similar to the one in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), on the basis that, since Harrison's plea and sentencing, the Supreme Court decided *Dorsey v. United States*, 132 S. Ct. 2321, 2336 (2012), which held that the Fair Sentencing Act's more lenient penalty provisions apply to defendants sentenced on or after August 3, 2010—regardless of when they committed the relevant offense. Harrison, however, does not challenge the validity of the waiver provision, and we are satisfied that the waiver of appeal was made voluntarily, knowingly, and intelligently. *See United States v. Lee*, 523 F.3d 104, 106 (2d Cir. 2008) (stating that "[i]t is . . . well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence . . . is enforceable" (quoting *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998))).

We have held that the "cases foreclose the possibility that a plea agreement can be nullified by a change in law *after* the agreement is executed: A defendant's 'inability to foresee that

---

[1] The sentence included a five-year period of supervised release and a $100 mandatory special assessment.

2

subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver.'" *United States v. Riggi*, 649 F.3d 143, 150 n.7 (2d Cir. 2011) (quoting *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005)); *see, e.g.*, *Brady v. United States*, 397 U.S. 742, 757 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a fault premise."); *United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005) ("[A]ppeal waivers are applicable to issues arising subsequent to the plea agreement, including issues created by new judicial decisions. We noted that the possibility of changes in the law is simply one of the risks allocated by the parties' agreement."). The facts of this case do not provide a basis to upset that settled rule.

Moreover, some recent decisions of our sister Courts of Appeals have considered virtually identical cases and have unanimously concluded that the change in law caused by *Dorsey*'s interpretation of the Fair Sentencing Act is not sufficient to upset a valid waiver of appeal. *See, e.g.*, *United States v. Stephens*, --- F. App'x ---, 2012 WL 4874857, at *2-3 (3d Cir. Oct. 16, 2012); *United States v. Thomas*, --- F. App'x ---, 2012 WL 4378736, at *1 (5th Cir. Sept. 26, 2012). The fact that these decisions were made in so-called unpublished or non-precedential summary orders merely underscores the fact that the applicable law is altogether clear. We agree and conclude that Harrison's valid waiver of appeal must be enforced.

## CONCLUSION

We have considered all of Harrison's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the March 2, 2011 judgment of the District Court.

3