11-153-cr
United States v. Draughn

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
         ROSEMARY S. POOLER,
         DENNY CHIN,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         **Plaintiff-Appellee**,

         -v.-                                    11-153-cr

JOHN DRAUGHN,
         **Defendant-Appellant**,
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Joseph A. Vita, Law Office of
                           Joseph A. Vita, Port Chester,
                           New York.

FOR APPELLEE:              Kathryn M. Martin, Katherine
                           Polk Failla, <u>for</u> Preet Bharara,
                           United States Attorney for the
                           Southern District of New York,
                           New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

John Draughn appeals from the judgment of the United States District Court for the Southern District of New York (Seibel, J.) sentencing him principally to 188 months' imprisonment after he pleaded guilty to distributing fifty grams and more of crack cocaine (Count I), five grams and more of crack cocaine (Count II), and five hundred grams and more of powder cocaine (Count III). After the plea but before sentencing, Congress passed the Fair Sentencing Act of 2010 ("FSA"), substantially lowering the statutory maximum penalties for offenses involving crack cocaine. Consistent with Second Circuit case law on the date of sentencing, December 14, 2010, the district court concluded that the FSA did not apply retroactively. See United States v. Acoff, 634 F.3d 200, 202 (2d Cir. 2011), abrogated by Dorsey v. United States, 132 S. Ct. 2321 (2012). On June 21, 2012, the United States Supreme Court held that the FSA applies retroactively to offenders who, like Draughn, were sentenced after the FSA was enacted on August 3, 2010. See Dorsey, 132 S. Ct. at 2335. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In the Plea Agreement, Draughn agreed not to file a direct appeal challenging any sentence within or below the stipulated range of 262 to 327 months. Since the 188-month sentence imposed is below the stipulated range of 262 to 327 months' imprisonment, Draughn has waived his right to appeal. See United States v. Harrison, 699 F.3d 158 (2d Cir. 2012) (per curiam).

For the foregoing reasons, and finding no merit in Draughn's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, CLERK
