11-4213-cr
*United States v. Martinez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of January, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

> -v.-                                                                     No. 11-4213-cr

KELVIN MARTINEZ, also known as Villain,

> *Defendant-Appellant,*

DEQUAN SNYDER, also known as Bullie, DEVON HUSSETT,
BENJAMIN HARRISON, JERALE GLADDEN, NYQUAN
MCCULLOUGH, DAVID VEGA, also known as D-Train,
WILLIAM WARREN, TERRANCE FORTE, also known as T, also
known as Little T, ANTHONY DAVIS, also known as Boochie,
MARK FORTE, also known as Ghost, LAVON BARRETT, also
known as Stunner, EZEKIEL BROWN, also known as Flash,

> *Defendants.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

1

**FOR DEFENDANT-APPELLANT:**          Eileen F. Shapiro, Brooklyn, NY.

**FOR APPELLEE:**          Michael D. Maimin, Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York.

Appeal from a September 27, 2011 judgment of conviction entered by the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that appellee's motion to dismiss be **GRANTED** and the appeal be **DISMISSED**.

Kelvin Martinez appeals a September 27, 2011 judgment of the District Court convicting him, after a guilty plea, of one count of conspiracy to violate the narcotics laws of the United States—specifically, to distribute and to possess with the intent to distribute 50 grams or more of cocaine base, in violation 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846. In the plea agreement, Martinez stipulated that he would not appeal a sentence within or below the agreed upon Guidelines range of 135 to 168 months. On September 27, 2011, the District Court imposed a sentence of 132 months' imprisonment, which included an obstruction of justice enhancement explicitly permitted by the plea agreement.

Martinez now seeks remand and resentencing based principally on *Dorsey v. United States*, ——U.S. ——, 132 S. Ct. 2321, 2336 (2012), which held that the Fair Sentencing Act's more lenient penalty provisions apply to defendants sentenced on or after August 3, 2010—regardless of when they committed the relevant offense. On May 30, 2012, the government filed a motion to dismiss on the basis of the appellate waiver contained in Martinez's plea agreement. Martinez opposed that motion on June 28, 2012.

Martinez's co-defendant, Benjamin Harrison previously raised this precise claim—that *Dorsey* requires remand and resentencing—and we rejected it. Specifically, we held "that the change in law caused by *Dorsey*'s interpretation of the Fair Sentencing Act is not sufficient to upset a valid waiver of appeal." *United States v. Harrison*, 699 F.3d 158, 159 (2d Cir. 2012). The Supreme Court denied Harrison's writ for a petition of certiorari on January 7, 2013. *Harrison v. United States*, No. 12-7533, 2013 WL 57557, at *1 (Jan. 7, 2013). There is no question, apart from Martinez's claim under *Dorsey*, that the waiver provision in the plea agreement is valid. Martinez's claim on appeal therefore has no merit, and the motion to dismiss must be granted.

2

## CONCLUSION

We have considered all of Martinez's other claims and find them to be without merit. For the reasons set out above, we **GRANT** appellee's motion to dismiss and **DISMISS** the appeal.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court