11-4812
Padin v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         DENNY CHIN,
                  Circuit Judges,
         JANET C. HALL,
                  District Judge.[*]
- - - - - - - - - - - - - - - - - - - - -x

FLORENCIO PADIN,

                  Petitioner-Appellant,

                  -v.-                          11-4812

UNITED STATES OF AMERICA,

                  Respondent-Appellee.

- - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:    Florencio Padin, pro se,
                             Rochester, Minnesota.

_____

[*]      The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

FOR RESPONDENT-APPELLEE:           Monica J. Richards, Joseph J.
                                   Karaszewski, Assistant United
                                   States Attorneys, for William J.
                                   Hochul, Jr., United States
                                   Attorney for the Western District
                                   of New York, Buffalo, New York.

Appeal from the United States District Court for the Western District of New York (Siragusa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-appellant Florencio Padin, proceeding pro se, appeals the district court's decision and order dated October 26, 2011, denying his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  We granted a certificate of appealability on the following issue:  "whether the district court should have conducted a hearing in light of the conflicting affidavits presented to the district court on whether petitioner directed his attorney to file an appeal."  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

In reviewing a district court's denial of relief under 28 U.S.C. § 2255, we review findings of fact for clear error and conclusions of law de novo.  See Scanio v. United States, 37

- 2 -

F.3d 858, 859 (2d Cir. 1994).  We review a district court's denial of an evidentiary hearing under 28 U.S.C. § 2255(b) for abuse of discretion.  See Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001); see also Puglisi v. United States, 586 F.3d 209, 215 (2d Cir. 2009) ("[W]here the judge who tried the case holds a limited hearing to decide a generic claim, the determination of whether the hearing was sufficient is reviewed for an abuse of discretion.").

In his § 2255 motion, Padin alleged that his counsel rendered ineffective assistance by failing to file a notice of appeal when he was asked to do so.  See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); accord Campusano v. United States, 442 F.3d 770, 773 (2d Cir. 2006). In opposition to Padin's motion, the government submitted an affidavit of defense counsel explicitly stating that:  (1) prior to Padin's guilty plea, he discussed with Padin the appeal waiver contained in the proposed plea agreement; (2) he explained to Padin that "if he entered the plea and was thereafter sentenced in accordance with the terms of the written plea agreement that he would be waiving his right to appeal any component of his sentence which fell within or was less than the

- 3 -

sentencing range for imprisonment"; and (3) "[a]t no time during [counsel's] representation of Mr. Padin did he request, or direct, that a notice of appeal be filed, or ask that an appeal be taken."  Aff. of Felix V. Lapine ¶¶ 2-3, United States v. Padin, No. 6:03-CR-6044 (W.D.N.Y. Jan. 14, 2008), ECF No. 370-5. Subsequently, Padin submitted an affidavit asserting that "[a]t sentencing, the District Court advised the defendant that defendant had 'Ten Days' to file a Notice of Appeal.  After sentencing the defendant told that defense Attorney Mr. Felix V. Lapine that defendant wanted to appeal the sentence."  Aff. of Florencio Padin ¶ 3, United States v. Padin, No. 6:03-CR-6044 (W.D.N.Y. Feb. 11, 2008), ECF No. 372.  Padin also submitted an affidavit from his wife, stating that after Padin was sentenced, she "went to the law office of Attorney Felix V. Lapine to discuss, what could be done about his sentence.  I asked Attorney Felix V. Lapine about an appeal, and Attorney Felix V. Lapine gave me all of my husband's legal papers and put me out of his office."  Aff. of Nereida Padin ¶ 2, United States v. Padin, No. 6:03-CR-6044 (W.D.N.Y. Feb. 11, 2008), ECF No. 373.

The district court declined to hold a full-blown testimonial hearing, and denied the motion on the basis of the written affidavits, Padin's plea agreement, the plea and sentencing transcripts, and the court's own observations of

- 4 -

defense counsel's diligent representation of Padin. See Padin v. United States, Nos. 07-CV-6381, 03-CR-6044, 2011 U.S. Dist. LEXIS 123823, at *6-9 (W.D.N.Y. Oct. 26, 2011). The district court concluded that it was not "plausible that Lapine . . . simply ignored [a] request [by Padin] that a notice of appeal be filed." Id. at *9.

After review of the record in this case, we conclude that the district court acted within its discretion in declining to hold a full-blown testimonial hearing on Padin's § 2255 motion. See, e.g., Chang, 250 F.3d at 86 (explaining that a district court may satisfy the requirements of § 2255 by "us[ing] methods . . . to expand the record without conducting a full-blown testimonial hearing"); Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011) ("It is within the district court's discretion to determine the scope and nature of a hearing."). In light of the detailed affidavit of defense counsel, the transcripts of the proceedings, the district court's observations of Padin and his interactions with counsel, and the district court's careful factual analysis, we conclude that there was a sufficient evidentiary record to permit the district court to reject, without a full testimonial hearing, Padin's claim that he asked his counsel to file a notice of appeal on his behalf. See Chang, 250 F.3d at 85-86.

Further, even where a defendant does not ask his attorney to file an appeal, the attorney has a constitutionally imposed duty to consult with the defendant about whether he wants to file an appeal if "there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe, 528 U.S. at 480. In determining whether a rational defendant would want to appeal or whether the defendant reasonably demonstrated an interest in appealing, a court must consider all the relevant factors, including whether the conviction followed a trial or a guilty plea, whether the defendant received the sentence bargained for as part of a plea, and whether the plea expressly reserved or waived some or all appeal rights. Id.

Here, Padin entered a guilty plea, he received a sentence at the low end of the Guidelines range he agreed to, and he waived his right to appeal a sentence within or below that range. Accordingly, we conclude that the district court did not err in holding that defense counsel did not render constitutionally defective assistance by failing to file a notice of appeal.

We have considered Padin's remaining arguments and conclude that they lack merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
