### UNITED STATES of America,

### v.

### Terrance NEAL, Petitioner–Defendant.

### No. 1:11–CR–246–DNH–3.

United States District Court, N.D. New York.

Signed June 25, 2014.

Terrance Neal, Bradford, PA, Petitioner–Defendant, Pro Se.

Hon. Richard S. Hartunian, United States Attorney for Northern District of New York, Robert A. Sharpe, Esq., Ass't United States Attorney, of counsel, Albany, NY, for United States of America.

### *MEMORANDUM—DECISION and ORDER*

DAVID N. HURD, District Judge.

## I. *INTRODUCTION*

Defendant Terrance Neal ("Neal" or "defendant"), proceeding pro se, moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed on him following his plea of guilty to a narcotics conspiracy charge.[1] The United States of America (the "Government") opposed. The motion was considered on its submissions without oral argument.

## II. *BACKGROUND*[2]

On May 20, 2011, a federal grand jury sitting in the Northern District of New York returned an indictment charging Neal and fifteen others with, inter alia, a conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Attorney Donald Kinsella ("Attorney Kinsella") was appointed to represent defendant in connection with these criminal charges.

Thereafter, Neal entered into a plea agreement with the Government. Defendant agreed to plead guilty to the conspiracy charge in exchange for the Government's recommendation for certain downward adjustments to the applicable Guidelines range at sentencing. This plea agreement also contained a "waiver of appeal and collateral attack," which stated that defendant "waives any and all rights, including those conferred by ... 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment." Defendant pleaded guilty in accordance with this plea agreement on September 11, 2012.

Neal was sentenced on February 8, 2013. Although the recommended Guidelines range was 262 to 327 months' imprisonment, defendant received only the statutory mandatory minimum sentence: 120 months' imprisonment followed by eight years of supervised release.[3] On February 10, 2014, defendant filed this motion.

## III. *DISCUSSION*

### A. *Legal Standard*

Section 2255 permits a court to "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A properly filed § 2255 motion must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* Accordingly, collateral relief under § 2255 is available "only for a constitutional error,

---

**1.** Defendant has also moved for leave to proceed in forma pauperis in this action.

**2.** Background factual material is taken from a review of Neal's motion papers, the Government's response in opposition, and a review of the docket in this action.

**3.** The Pre–Sentencing Investigation Report prepared by the U.S. Probation Office determined that Neal had two prior felony convictions: a 1996 conviction for Attempted Criminal Sale of a Controlled Substance and a 1999 conviction for First Degree Manslaughter. Based on these prior convictions, defendant was designated as a "career offender" for purposes of the Guidelines calculation. *See* U.S.S.G. § 4B1.1.

a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir.1995) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

 Because Neal is proceeding pro se, his submissions will be "liberally construed in his favor," *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir.1995), and will be read "to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir.2001) (internal quotation marks omitted). However, a court "need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir.2009) (citations omitted).

### B. *Neal's Motion*

Neal's § 2255 motion alleges that Attorney Kinsella was constitutionally ineffective because he: (1) failed to object to certain aspects of the Pre–Sentencing Investigation Report ("PSR") at sentencing; and (2) failed to pursue defendant's direct appeal.

 To prevail on either of these ineffective-assistance arguments, Neal must show: "(1) that [Attorney Kinsella's] performance fell below an 'objective standard of reasonableness,' and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Kieser v. New York*, 56 F.3d 16, 18 (2d Cir.1995) (per curiam) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). There is a "strong presumption" that counsel's assistance was reasonable, and "every effort [should] be made to eliminate the dis-

torting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

### 1. *The PSR*

 Neal first contends that Attorney Kinsella failed to object to certain aspects of the PSR adopted at his sentencing. Specifically, defendant argues that Attorney Kinsella did not "challenge the use of prior drug convictions and probation violations" and failed to investigate defendant's "past state convictions for argument on sentencing factors." Def.'s Mem. 3. The Government responds that these claims are barred by the waiver of collateral attack rights contained in defendant's plea agreement. Gov.'s Mem. 5.

 A defendant's waiver of the right to appeal or collaterally attack his sentence in a plea agreement is presumptively enforceable provided the waiver is both "knowing" and "voluntary." *United States v. Coston*, 737 F.3d 235, 237 (2d Cir.2013) (per curiam); *see also United States v. Riggi*, 649 F.3d 143, 147 (2d Cir.2011) ("We have 'repeatedly upheld the validity of [appeal] waivers' if they are 'knowingly, voluntarily, and competently provided by the defendant.' ") (quoting *United States v. Gomez–Perez*, 215 F.3d 315, 318 (2d Cir.2000) (alteration in original)).

Here, the plea agreement Neal executed with the Government provided that defendant "waives any and all rights, including those conferred by ... 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment." During the plea proceedings, defendant affirmed that he had signed this plea agreement voluntarily, understood its terms, and that he was satisfied with Attorney Kinsella's advocacy:

THE COURT: Now, are you represented by Attorney Donald Kinsella?

THE DEFENDANT: Yes.

. . . .

THE COURT: Are you satisfied with him?

THE DEFENDANT: Yes.

. . . .

THE COURT: Now, did you enter into a plea agreement with the United States Government?

THE DEFENDANT: Yes, your honor.

THE COURT: Did you read the plea agreement?

THE DEFENDANT: Yes.

THE COURT: And did you review it with Mr. Kinsella?

THE DEFENDANT: Yes.

THE COURT: And did he answer any and all questions you may have had with respect to the Plea Agreement?

THE DEFENDANT: Yes, your honor.

. . . .

THE COURT: Did you sign the Plea Agreement of your own free will?

THE DEFENDANT: Yes, your honor.

. . . .

THE COURT: ... Also, do you understand that under the plea agreement you are waiving your right to appeal or collaterally attack your guilty plea or sentence?

THE DEFENDANT: Yes, your honor.

These unambiguous statements demonstrate that Neal's assent to the plea agreement was both knowing and voluntary.[4] Accordingly, defendant's claim with regard to the PSR is barred by the appeal waiver contained in that plea agreement.

▮ Assuming, arguendo, this claim were not barred by the appeal waiver, Neal cannot establish that he suffered prejudice under *Strickland's* two-pronged standard. Defendant argues that a thorough investigation into his prior state conviction for the attempted sale of a controlled substance would have somehow prevented the sentencing court from finding that he was a "career offender" for Guidelines calculation purposes. However, the charge to which defendant pleaded guilty carried a statutory mandatory minimum sentence of ten years' imprisonment and eight years of supervised release. *See* 18 U.S.C. § 841(b)(1)(B).

Because Neal received this mandatory minimum sentence, nothing Attorney Kinsella could have done by way of gathering and presenting mitigating evidence or otherwise challenging the Guidelines sentencing calculation could have earned defendant a more favorable term of imprisonment. Therefore, defendant cannot prevail under *Strickland. See, e.g., United States v. Luciano,* 158 F.3d 655, 661–62 (2d Cir.1998) ("Because the district court lacked discretion to sentence [defendant] to any lesser period of jail time, the outcome of the proceeding in which the constitutionally deficient representation occurred could not possibly have been any different."); *Jimenez v. United States,* 262 F.Supp.2d 85, 90 (S.D.N.Y.2003) ("[Because] the Court imposed [the] mandatory minimum sentence.... [defendant] cannot establish prejudice."). Accordingly, defendant's claim would fail even if it were not barred by the waiver in the plea agreement.

---

**4.** Importantly, Neal's claim does not concern any alleged inadequacies in Attorney Kinsella's performance during the plea bargaining process. *See United States v. Hernandez,* 242 F.3d 110, 113–14 (2d Cir.2001) ("[A] plea agreement containing waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel.").

## 2. *Direct Appeal*

■ Neal also contends that Attorney Kinsella was "constitutionally ineffective for failing to perfect [his] requested notice of appeal and failing to consult with [him] after sentencing concerning the appeal." Def.'s Mem. 4.[5]

In some circumstances, an attorney may be found constitutionally ineffective under *Strickland* for failing to file an appeal even where his client has unequivocally waived that right. *See Kapelioujnyi v. United States*, 779 F.Supp.2d 250, 253 (E.D.N.Y. 2009) ("Counsel will be deemed ineffective if he failed to file an appeal after receiving 'specific instruction' from his client to do so."); *see also Campusano v. United States*, 442 F.3d 770, 773 (2d Cir.2006) (noting that a different rule could result in the unconstitutional deprivation of an entire appellate proceeding). However, a mere conclusory allegation that a defendant requested an appeal, without more, is insufficient to warrant § 2255 relief. *See, e.g., Scott v. United States*, No. 07–CV–4039, 2011 WL 115087, at *5 (E.D.N.Y. Jan. 13, 2011) ("[Defendant] has not alleged that he told his attorney that he was interested in appealing his sentence and nothing in the record suggests that [defendant] requested or authorized his attorney to file a notice of appeal."); *Shef v. United States*, No. 06–CV–2091, 2007 WL 812104, at *5 (E.D.N.Y. Mar. 13, 2007) (finding defendant had "not made sufficient factual allegations to merit a hearing" through unsubstantiated, unsworn allegations that he requested an appeal).

Here, Neal contends that "[t]his court stated that [defendant] Neal had a right to appeal, counsel Donald Kinsella ignored [defendant]'s request to appeal, thus [defendant] Neal has meet [sic] the criteria of *Flores–Ortega....*" Def.'s Mem. 5. However, defendant devotes the remainder of his argument on this point to the inconsistent assertion that Attorney Kinsella also completely failed to ever consult with him regarding the possibility of an appeal. Indeed, defendant's statement is bereft of any details, such as a date, location, or even the content of an alleged conversation to even support an inference that he ever gave Attorney Kinsella the requisite "specific instruction" to appeal. *See, e.g., Garcia v. United States*, No. 04–CV–6019, 2008 WL 821816, at *3 (S.D.N.Y. Mar. 28, 2008) ("[Defendant]'s claim fails because he is unable to establish that he in fact asked his lawyer to file an appeal .... [defendant] has not supplied any detail regarding when or on what basis he would have requested [counsel] to prepare an appeal. He only asserts in conclusory terms that he 'instructed counsel to file an appeal.'"). Accordingly, this claim is without merit.

■ Neal also contends that Attorney Kinsella failed to discharge his affirmative duty to consult with him regarding a possible appeal. Def.'s Mem. 4. This duty exists "when there is reason to think either (1) that a rational defendant would want to appeal ..., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). This determination is based on a consideration of all relevant factors, including whether the conviction resulted from a guilty plea or trial, if the imposed sentence

---

5. The Government does not directly respond to this argument but merely states that "[c]ounsel has indicated to the [G]overnment that the defendant's claim is not true .... [and] can provide an affidavit on point if the Court requires such." Gov.'s Mem. 6. Because this unsworn assertion is plainly insufficient, it will be disregarded in resolving Neal's § 2255 motion.

was bargained for in a plea agreement, and whether the plea waived or retained any appellate rights. *Padin v. United States,* 521 Fed.Appx. 36, 38 (2d Cir.2013) (summary order) (citing *Flores–Ortega,* 528 U.S. at 480, 120 S.Ct. 1029).

Here, Neal pleaded guilty pursuant to a plea agreement, waived his right to appeal or collaterally attack his sentence, and received the statutory mandatory minimum sentence. In these circumstances, a rational defendant would be unlikely to seek an appeal. *See, e.g., Padin,* 521 Fed.Appx. at 38 (finding no duty to consult because defendant pleaded guilty, was sentenced within the Guidelines range he agreed to in the plea agreement, and he waived his ability to appeal his sentence within that range). Accordingly, Attorney Kinsella had no duty to consult with defendant about a possible direct appeal.

Even assuming, arguendo, Attorney Kinsella had such a duty, Neal would still bear the burden of demonstrating prejudice under *Strickland.* Importantly, the prejudice question focuses on the outcome of the proceeding, not merely on the defendant's priorities or desires. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Therefore, a defendant is only prejudiced by his attorney's failure to consult with him about an appeal if he can show a reasonable probability that he would have timely appealed if not for counsel's alleged deficiency. *Sarroca v. United States,* 250 F.3d 785, 788 (2d Cir.2001) (citation omitted).

Nothing in the record suggests that Neal would have actually filed a timely appeal if he were given the consultation he was allegedly denied. Defendant knowingly and voluntarily pleaded guilty, received the statutory mandatory minimum sentence, and did not object during the sentencing proceedings. These facts constitute "strong evidence that [he] wanted an end to judicial proceedings, not to file an appeal." *Scott,* 2011 WL 115087 at *5 (citation omitted). Because an appeal could only operate to his detriment, *see* 21 U.S.C. § 841(b)(1)(B), and the record lacks any apparent non-frivolous ground for appeal, defendant cannot demonstrate prejudice. Accordingly, this claim is without merit.

## IV. *CONCLUSION*

Neal's knowing and voluntary waiver of collateral attack rights bars his claim with respect to Attorney Kinsella's failure to object to the PSR. Further, defendant has failed to offer any factual allegations to even suggest that he ever requested that Attorney Kinsella file a direct appeal on his behalf. Similarly, Attorney Kinsella had no duty to consult defendant regarding a possible appeal. Even if such a duty existed, defendant received the mandatory minimum sentence and cannot demonstrate prejudice. Finally, defendant's arguments do not amount to a "substantial showing of the denial of a constitutional right" and therefore no certificate of appealability will be issued. *See* 28 U.S.C. § 2253.

Therefore, it is

ORDERED that

1. Neal's § 2255 motion is DENIED;

2. Neal's motion for leave to proceed in forma pauperis is DENIED as moot; and

3. A certificate of appealability will not be issued.

The Clerk of Court is directed to close the file.

IT IS SO ORDERED.